IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA and COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH and DEREK BROWN, in his official capacity as Utah Attorney General,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO CONSOLIDATE CASES**<br><br>2:26-cv-01055-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Defendants State of Utah and Derek Brown's (collectively, "*CFTC* Defendants") Motion to Consolidate Related Cases (Motion).[1] Pursuant to Federal Rule of Civil Procedure 42(a) and DUCivR 42-1, *CFTC* Defendants move to consolidate into this action a later filed case: *North American Derivatives Exchange, Inc. v. Brown, et al.*, Case No. 2:26-cv-01056-DBB-CMR (*NADE*). For the reasons explained below, the Motion is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

On October 26, 2026, the United States of America and the Commodity Futures Trading Commission (collectively, "*CFTC* Plaintiffs") filed this lawsuit challenging Utah's antigambling statutes as preempted by the Commodities Exchange Act (CEA) and seeking (1) declaratory judgment invalidating Utah's antigambling laws as preempted, unconstitutional, and invalid; and (2) injunctive relief prohibiting *CFTC* Defendants from enforcing Utah's antigambling laws.[2] That same day, North American Derivatives Exchange, Inc., d/b/a OG.com Prediction Markets

[1] Dkt. 18, *Motion to Consolidate Related Cases* (*Motion*).

[2] Dkt. 1, *Complaint for Declaratory and Injunctive Relief* (*CFTC Complaint*); *id.* at 32.

(NADE) filed a separate lawsuit in this District bringing the same challenges and seeking virtually the same relief.[3]

On November 10, 2026, *CFTC* Defendants filed the instant Motion pursuant to Federal Rule of Civil Procedure 42(a) and local rule DUCivR 42-1.[4] In the Motion, *CFTC* Defendants provide a briefing schedule for a Motion for a Temporary Restraining Order and Preliminary Injunction that NADE intends to file.[5]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions "involve[ing] a common question of law or fact[.]"[6] Under local rule DUCivR 42-1, a "party to a later-filed case may file a motion and proposed order to consolidate the case to the judge with the lowest-numbered case"[7] Whether consolidation under Rule 42(a) is appropriate is within the discretion of the district court.[8] The party seeking consolidation bears the burden of establishing it is appropriate.[9]

**ANALYSIS**

*CFTC* Defendants argue consolidation is appropriate because the two cases involve virtually identical issues of law, namely whether the CEA's exclusive jurisdiction provision

---

[3] Case No. 2:26-cv-1056-DBB-CMR, Dkt. 1, *Complaint for Declaratory and Injunctive Relief* (*NADE Complaint*); *id.* at 39.

[4] *Motion*.

[5] *See id.* at 2.

[6] Fed. R. Civ. P. 42(a).

[7] DUCivR 42-1(a).

[8] *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[9] *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, No. 1:05-cv-64 TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008) (citing *Shump*, 574 F.2d at 1344).

preempts Utah's antigambling statutes.[10] *CFTC* Plaintiffs consent to the Motion.[11] While NADE takes no position on the Motion, it agreed to *CFTC* Defendants' proposed briefing schedule for NADE's anticipated Motion for a Temporary Restraining Order and Preliminary Injunction in the event this court consolidates the two cases.[12]

The court finds consolidation appropriate here. Both cases present an identical question of law: whether the CEA preempts Utah state law such that Utah is prohibited from regulating or prohibiting any transaction subject to the CFTC's exclusive jurisdiction under the CEA, including "swaps" at issue in each case.[13] In addition, Plaintiffs in both cases seek identical relief: (1) a declaratory judgment stating Utah's antigambling laws "violate the Supremacy Clause and are therefore preempted, unconstitutional, and invalid" as applied to transactions occurring on CFTC-regulated prediction markets; and (2) injunctive relief prohibiting Utah from enforcing such laws.[14] Accordingly, the two cases present a "common question of law" under Federal Rule of Civil Procedure 42(a).

The *NADE* parties are instructed to follow the following briefing schedule with respect to the anticipated NADE Motion for a Temporary Restraining Order and Preliminary Injunction[15]:

- **Thursday, November 12**: NADE's Motion for a Temporary Restraining Order and Preliminary Injunction due.
- **Monday, November 16**: Defendants' response to NADE's Motion for a Temporary Restraining Order and Preliminary Injunction due.

---

[10] *Motion* at 2–3; *see also* 7 U.S.C. § 2(a)(1)(A); Utah Code §§ 76-9-1401–1408; Utah Code § 20A-1-606; Utah Code § 78B-6a-102(2).

[11] *Motion* at 2.

[12] *Id.*

[13] *CFTC Complaint* ¶¶ 77–84; *NADE Complaint* ¶¶ 98–124.

[14] *CFTC Complaint* at 32; *NADE Complaint* at 39.

[15] *NADE* parties have agreed to all deadlines except the November 12 TRO filing deadline. *See Motion* at 2. The agreed-upon filing deadline for NADE's TRO was Wednesday, November 11, *id.*, but given the court holiday, the court extends NADE's deadline by a single day.

- **Wednesday, November 18**: NADE'S Reply due.
- **Friday, November 20**: Hearing on NADE's Motion for a Temporary Restraining Order.

For the foregoing reasons, the Motion to Consolidate Related Cases[16] is GRANTED. The court hereby consolidates Case No. 2:26-cv-1055 and Case No. 2:26-cv-1056 into the lowest-numbered pending case: Case No. 2:26-cv-1055. No further filings shall be made in Case No. 2:26-cv-1056, and the Clerk of Court is directed to close that case.

SO ORDERED this 12th day of November 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

[16] Dkt. 18.